**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

BOBBY NAVA,

Plaintiff,

v.

CHRISTY NGO, et al.,

Defendants.

No. 2:26-CV-1526-DMC-P

ORDER

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

/ / /

/ / /

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Bobby Nava names the following Defendants: (1) Christy Ngo, a registered nurse; (2) Doctor Rafael Miranda; (3) Doctor Rueter, the Chief Medical Officer; (4) and Doe Defendants. All named defendants are employed by High Desert State Prison (HDSP). See ECF No. 1, pg. 2.

Plaintiff states that on July 14, 2024, at approximately 5:30 p.m. while waiting in the pill line, vision in his left eye "became disturbingly blurry." Id. at 2. The nurse at the pill line window told him to submit a healthcare request, which he did that night. See id. at 8. On July 15, 2024, Plaintiff was seen by Defendant Christy Ngo, a nurse at HDSP. See id. at 3. Plaintiff told her that his "left eye went blurry" the night before, but Defendant Ngo simply replied that he "just needed some new glasses." Id. Plaintiff insisted that this was an acute condition and requested to see his doctor. See id. at 5. Defendant Ngo dismissed Plaintiff's concerns and documented that Plaintiff was suffering from Myopia (nearsightedness), incorrectly noting that Plaintiff's right eye (instead of his left eye) was blurry. See id. at 10. She then told him he had to wait 2 to 3 months to see a doctor despite his protests. See id. at 5.

/ / /

/ / /

On July 25, 2024, Plaintiff saw Defendant Christy Ngo again after filing another Healthcare Service Request Form the day before. See id. at 5. Plaintiff complained of sharp backpain, worsening blurriness in his left eye, and constant pain, rated an eight on a scale from one to ten. See id. Defendant Ngo "yelled" at Plaintiff to stop submitting Healthcare Service Request Forms, as it would not help Plaintiff see a doctor any faster. Id. Defendant Ngo also did not conduct a Hearing, Eyes, Ears, Nose and Throat assessment (a HEENT test). See id.

On August 15, 2024, Plaintiff was seen by a different nurse after submission of another Health Care Request Form, once again stating that the vision in his left eye continued to deteriorate. See id. at 5. This time, the nurse contacted his primary doctor, Dr. Eaton. See id. Dr. Eaton consulted with an optometrist inside the prison, Dr. Patterson. See id. Plaintiff's symptoms were not deemed an emergency, and an appointment was made with Dr. Patterson. See id.

On August 17, 2024, Plaintiff was seen by Dr. Patterson, who diagnosed him with a retinal detachment. See id. at 5. Dr. Patterson told him that he should have been taken to an outside specialist within 24 hours of the time he lost his vision and that he needed to see an Ophthalmologist as soon as possible. See id. On August 20, 2024, Dr. Dhindsa confirmed the diagnosis of a retinal detachment and told him that his vision could have been saved with surgery, but a full recovery is no longer possible due to the delayed treatment. See id. at 6.

Notwithstanding, on August 21, 2024, Dr. Dhindsa conducted remedial optical surgery at Northern Nevada Medical Center. See id. at 16. After the surgery, he instructed the Plaintiff to stay in the infirmary with his head and eyes facing downward for 14 days. See id. at 6. Despite the transportation officers relaying this information to the prison, Defendant Dr. Miranda only kept him in the infirmary for 10 days. See id. Nurses regularly called him to the nursing station in violation of his doctor's orders to stay inside and continually face downward. See id. They also did not give him "proper medicine." Id.

On October 13, 2024, Plaintiff developed symptoms of another retinal detachment and filed another Healthcare Service Request Form. See id. at 6. On October 16, 2024, Dr. Dhindsa confirmed that Plaintiff had suffered a second retinal detachment in his left eye and needed a second surgery. See id. This surgery was performed on November 6, 2024. See id.

Afterward, Dr. Dhindsa, who had been informed by Plaintiff that the prison did not accommodate his recovery needs after his last surgery, called the prison with the transport officer's phone and communicated Plaintiff's post-surgery needs in Plaintiff's presence. See id. Nevertheless, Plaintiff spent no time in the infirmary and was given no post-surgery care. See id. at 7. Plaintiff experienced dizziness, nausea and vomiting. See id. Dr. Eaton and the medical department at High Desert State Prison refused to provide any pain management. See id. Plaintiff continues to live with constant pain behind his eyes and permanent vision loss. See id.

## II. DISCUSSION

Plaintiff initiates this action against three Defendants: (1) Christy Ngo, Plaintiff's attending nurse, (2) Rafael Miranda, Plaintiff's attending doctor, and (3) Doctor Rueter, the Chief Medical Officer of HDSP. While Plaintiff has alleged sufficient facts to state a claim against the first two Defendants, not so for the third.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisory defendant may also be liable where he or she knew of constitutional violations but failed to act to prevent them. See Taylor, 880 F.2d at 1045; see also Starr v. Baca, 633 F.3d 1191, 1209 (9th Cir. 2011).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Here, the complaint is devoid of any allegations specific to Defendant Rueter. Therefore, the complaint is deficient insofar as it fails to state a claim against Defendant Doctor Rueter. Plaintiff will be provided an opportunity to amend as to Defendant Rueter or proceed on the original complaint as to Defendants Ngo and Miranda.

**III. CONCLUSION**

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: August 24, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE